UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BISI and LAURIE BISI, | No. 2:25-cv-01075-DJC-SCR |
| Plaintiffs, | |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| JP MORGAN CHASE BANK, NA, | |
| Defendant. | |

Plaintiffs are proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Defendant JP Morgan Chase Bank's motion to dismiss (ECF No. 5) seeking to dismiss the action for failure to state a claim. Plaintiffs failed to respond to the motion. The Court now orders Plaintiffs to show cause why the action should not be dismissed based on their failure to respond and the doctrine of res judicata.

I.   **Background and Procedural History**

This is Plaintiffs' third lawsuit against Defendant Chase concerning the real property at 2801 Huntington Road in Sacramento (hereafter the "Property"). The first case, 2:23-cv-01994-TLN-CSK, was filed on September 15, 2023. In that case, Plaintiffs sued Chase concerning a loan on the Property. The claims were not well defined, but Plaintiffs made allegations

concerning the loan, loan disclosures, and appeared to allege wrongful foreclosure. *See* ECF No. 1 in Case 2:23-cv-01994-TLN-CSK.

The second case, 2:23-cv-02180-DJC-SCR, was filed October 3, 2023. The parties listed on the caption of the complaint were Plaintiffs[1] against defendant Chase Bank. ECF No. 1 at 1-2. Plaintiffs again advanced claims concerning the loan on the Property, loan disclosures, and the notice of intent to foreclose. Chase filed a motion to dismiss. On March 4, 2025, the undersigned recommended the motion be granted with leave to amend. The recommendation was adopted on March 26, 2025, and Plaintiffs were given 21 days to file an amended complaint. Plaintiffs did not file an amended complaint, and after an order to show cause, the action was dismissed with prejudice for failure to prosecute on June 25, 2025.

This action was filed on April 11, 2025. Plaintiffs again sue Chase concerning the Property and a loan that allegedly originated in 2020. ECF No. 1 at 1-2. Plaintiffs allege that Chase commenced an "unlawful foreclosure" and assert a variety of other claims concerning the handling of the loan and foreclosure initiation process. On May 2, 2025, Defendant filed a motion to dismiss asserting failure to state a claim. ECF No. 5.

## II. Plaintiffs' Failure to Respond

Plaintiffs failed to file an opposition to the motion to dismiss. Local Rule 230 provides that any opposition must be filed within 14 days, and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Plaintiff's opposition was originally due on May 16, 2025. Pro se litigants are subject to the same procedural requirements as other litigants. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). On May 19, 2025, the Court sua sponte granted Plaintiff an additional 9 days to file an opposition, but no opposition was filed. The failure to comply with Local Rule 230 alone merits dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

---

[1] Only Gregory Bisi signed the complaint, but both Plaintiffs signed later filings. See for example ECF No. 16.

2

### III. Res Judicata

The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). When the doctrine applies, it "'bar(s) all grounds for recovery which could have been asserted, whether they were or not in a prior suit between the same parties …" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). In addressing whether res judicata applies, the court evaluates whether the claims asserted "arise out of the same transactional nucleus of facts" as the prior action. *See id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000).

In this action and in the two prior actions discussed above in Section I, Plaintiffs sued Chase concerning a loan on the Property that originated in 2020 and made allegations concerning loan processing/disclosures and wrongful foreclosure. The second action, 2:23-cv-02180-DJC-SCR, resulted in a dismissal with prejudice for failure to prosecute on June 25, 2025. *See* ECF No. 36. A dismissal with prejudice for failure to prosecute is an adjudication on the merits. *See Owens*, 244 F.3d at 714 (finding a dismissal with prejudice for failure to prosecute was an adjudication on the merits for purposes of res judicata); *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) ("An involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata*,* regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims.").

Thus, we have three actions, between the same parties, arising from the same common nucleus of facts, and a judgment on the merits in 2:23-cv-02180-DJC-SCR. It appears that this action is barred by res judicata. Plaintiffs will be given the opportunity to show cause why claim preclusion/res judicata should not be applied and this action dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs **shall show cause, in writing, within 14 days of the date of this Order**, why the Court should not recommend that the action be dismissed on the basis of res judicata.
2. Plaintiffs' response shall not exceed 10 pages.
3. If Plaintiffs fail to respond, the court will recommend dismissal of this case. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

SO ORDERED.

DATED: August 11, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4