UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY and LAURIE BISI, | No. 2:25-cv-1075-DJC-SCR |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JP MORGAN CHASE BANK, NA, | |
| Defendant. | |

On August 12, 2025, the undersigned issued an Order to Show Cause as to why this case should not be dismissed with prejudice based on *res judicata*. ECF No. 10 at 4. It noted that this was the third action filed concerning a 2020 loan on real property at 2801 Huntington Road in Sacramento ("Property"), the second of which was dismissed for failure to prosecute. *Id.* at 1, 3. It also held that Plaintiffs' failure to timely respond to Defendant JP Morgan Chase Bank's motion to dismiss for failure to state a claim (ECF No. 5) alone merited dismissal. ECF No. 10 at 2.

Plaintiffs have filed an addendum that this Court interprets as a timely response to the Order to Show Cause. ECF No. 11. This addendum, however, does not address why this case is not precluded under *res judicata*, or why Plaintiffs failed to timely respond to the motion to dismiss. It instead argues that the undersigned is exceeding his authority as a magistrate judge by, *inter alia*, rebranding the suit as a civil action instead of a "Suit at Common-law with

1

1  Common-Law jury Demand." ECF No. 11 at 5.  Plaintiffs argue that this action is one "not
2  bound by commercial, statutory, or legal authority" and that any adjudication of this mater prior
3  to a jury trial violates the U.S. Constitution and amendments thereto.  *Id.* at 3.

4  Plaintiffs cite no authority for the proposition that in order to preserve "the right of trial by
5  jury," courts must ignore otherwise applicable law and precedent when an action is labeled as one
6  brought under common law.  *See* U.S. Cont. amend. VII.  Indeed, the doctrine of *res judicata* that
7  animates the Order to Show Cause is itself based on the common law that Plaintiffs invoke.  *See*
8  *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment
9  is determined by federal common law.").  The only case Plaintiffs cite in their addendum is *SEC*
10 *v. Jarkesy*, which reiterated that Congress cannot "conjure away the Seventh Amendment by
11 mandating that traditional legal claims be . . . taken to an administrative tribunal."  ECF No. 11 at
12 3; 603 U.S. 109, 135 (2024) (quoting *Granfinanciera, S. A.* v. *Nordberg*, 492 U. S. 33, 52
13 (1989)).  Having a magistrate judge issue findings and recommendations in an ongoing action,
14 which an Article III district judge must then decide whether to adopt, does not constitute any such
15 delegation of authority.  See *infra*.

16 Nor does dismissing an action prior to a jury trial interfere with the right to one when
17 pursued in accordance with law and the rules of procedure.  The Court has outlined reasons for
18 dismissal in the Order to Show Cause and herein, and Plaintiffs have chosen not to meaningfully
19 address them.

20 **IT IS HEREBY RECOMMENDED** that this action and its Complaint (ECF No. 1) be
21 **DISMISSED WITH PREJUDICE** and this case be closed.

22 These findings and recommendations will be submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days**
24 after being served with these findings and recommendations, Plaintiffs may file written objections
25 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
26 and Recommendations."  Plaintiffs are advised that failure to file objections within the specified
27 ////
28 ////

time may result in waiver of the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3